## THOMPSON v. AMERICAN OPTICAL CO.

(Supreme Court, Special Term, New York County.   April 24, 1916.)

NEW TRIAL ⬥⟶89—GROUNDS—SURPRISE.

    Where, on the trial of an action against a corporation for libel contained in a letter signed by the corporation's name by another, followed by the words "Legal Dept.," it appeared from the testimony of that individual that at the time he signed the letter he was employed, not by the corporation, but by trustees to whom the corporation had assigned its assets and the right to use its name, and that the business of the corporation was wound up as appeared in the records of the state in which it was incorporated, whereupon the action was dismissed on the merits, plaintiff is entitled to a new trial for surprise, notwithstanding the fact that he might by diligent inquiry have ascertained the truth before the trial, since he could not be expected to anticipate such an extraordinary situation, and in such circumstances the power of the court to grant a new trial is not limited by the rules governing ordinary cases.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 177–180; Dec. Dig. ⬥⟶89.]

Action for libel by Warren E. Thompson against the American Optical Company.   Plaintiff moves for a new trial, after dismissal of his complaint on the merits, upon the grounds of newly discovered evidence, surprise, and in furtherance of justice.   Motion granted.

Barney & Schuldenfrei, of New York City (Lewis Schuldenfrei, of New York City, of counsel), for the motion.

Jerome, Rand & Kresel, of New York City (George F. Lewis, of New York City, of counsel), opposed.

GIEGERICH, J.   This is a motion for a new trial upon the ground of newly discovered evidence, surprise, and in the furtherance of justice.   The case is an extraordinary one.   The action is brought against the defendant as a corporation for libel in circulating a statement defamatory of the plaintiff signed "American Optical Company, H. H. Styll, Legal Dept."   Upon the trial the plaintiff called Styll as a witness, and it then was disclosed that the American Optical Company, by whom the witness was employed at the time he signed the statement in question, was not the corporation of that name, but was composed of certain trustees, to whom the corporation has assigned all its assets and the right to use its name, and that its business was wound up and certain settlements made, and that "all that exists of the old corporation to-day is its charter, which returns to the Massachusetts commissioner of corporations show."   The witness further testified that the name was not a registered trade-name which is being used by individuals.   The plaintiff's attorney, as soon as these facts came out, claimed surprise, and the court of its own motion dismissed the complaint upon the merits.

The affidavit of the plaintiff's attorney states that shortly after the trial it was discovered that the letterheads upon which the alleged libelous articles were written state that the American Optical Company was incorporated in 1869.   It is true that this fact would not prove

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the corporation consented to the use of its stationery or the use of its name in this particular way; but, if the fact that such statement was printed on the letterheads in question had been known to the plaintiff's attorney at the time of the trial, he might well have pursued his inquiries to ascertain whether such stationery was so used with the knowledge or consent of the defendant corporation, and whether there were not other facts that would show that the corporation might be held as the one responsible for the injury complained of. The evidence discloses a situation that ought never to be permitted to exist. To say nothing of the confusion that is sure to arise from such a situation, it presents nothing less than a trap and a snare to all persons who attempt to do business with such a double-faced concern, and the rules of law ought not to be applied stringently against a plaintiff, surprised upon the trial by the sudden disclosure of such an extraordinary state of facts. There is no reason apparent to me why the plaintiff should be held to the responsibility of anticipating such an extraordinary state of affairs, and no reason why he should previously have prepared himself for such a turn of the case. If he had been aware of some of the facts, he might well have pushed his inquiries, and have discovered that the corporation had permitted business to be thus carried on in its name, and that other facts exist sufficient to render it liable for the wrong done the plaintiff. The corporation, under such circumstances as are disclosed here, is not entitled to the benefit of the strict application of rules of law with respect to such motions as this which have been formulated for application to ordinary cases, but which are not applicable to such an extraordinary situation as is here presented.

In fairness to the attorneys for the defendant, it ought to be mentioned that they do not seek to rest their opposition to the motion upon any technical grounds, but technical grounds occur to me in considering the motion. I do not think, however, that the power of the court to grant a new trial ought to be or that it is hemmed in by the salutary rules that have grown up for guidance in cases of a common character. As was said by Mr. Justice Barrett in Corley v. New York & Harlem R. R., 12 App. Div. 409, 416, 42 N. Y. Supp. 941, 946:

"It is a mistake to suppose that a new trial can only be granted when a case therefor can be classified under some well-defined head such as surprise or newly discovered evidence. The court is not thus limited. The true rule is well stated in Graham and Waterman on New Trials, 1009, as follows: 'It need scarcely be said that any unconscionable advantage obtained during a trial by one party over the other, through fraud or artifice, to the injury of the latter, will be good ground for a new trial. So obvious a principle of common right and justice requires no comment and needs no illustration.'"

In the present case the defendant has obtained an unconscionable advantage over the plaintiff. It need not be said that a case of specifically intended fraud on the defendant's part is presented. It is enough to say that the defendant has obtained such an advantage through no fault of the plaintiff, but solely through its own fault in permitting its name to be used in such an unusual way.

The motion is granted, with $10 costs. Settle order on notice.